UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KOHLER COMPANY,                     Case No.: _____

      Plaintiff,

v.

ROBERT VON GOETZMAN,

      Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Kohler Company ("Kohler") sues Defendant Robert Von Goetzman ("Von Goetzman"), and alleges as follows:

### NATURE OF ACTION

1.    This is an action for cybersquatting under 15 U.S.C. § 1125(d), trademark infringement under 15 U.S.C. § 1114, and unfair competition under the federal Lanham Act, 15 U.S.C. §1125(a), together with pendent claims for common law trademark infringement, state deceptive trade practices, and intentional interference with prospective economic advantage. Plaintiff Kohler seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendant Von Goetzman based upon the following: (a) Von Goetzman purports to reside in this judicial district; (b) Von Goetzman operates websites on the Internet that are accessible to residents of this judicial district; (c) Von Goetzman's websites are fully interactive online stores; and (d) Von Goetzman committed tortious acts that he knew or should have known would cause injury to Plaintiff in this judicial district.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5. Kohler is a Wisconsin corporation that manufactures, distributes, and markets, among other things, engines, generators, and plumbing products. Kohler additionally manufactures and distributes furniture and accessories, cabinetry and tile, and owns and operates resorts, recreation, and real estate opportunities.

6. Upon information and belief, Von Goetzman is an individual residing in Tampa, Florida. Von Goetzman is the registrant of record for the <kohler-engines.com> and <kohlercommand.com> domain names (collectively, the "Infringing Domain Names").

## ALLEGATIONS COMMON TO ALL COUNTS

7. Kohler owns numerous United States trademarks and service marks, the majority of which incorporate the element KOHLER (collectively, the "KOHLER FAMILY").

8. Many of the marks in the KOHLER FAMILY cover engines, generators and related products, including but not necessarily limited to:

(a) KOHLER (U.S. Reg. No. 167,671) for electric generating plants, registration date May 8, 1923;

(b) KOHLER (U.S. Reg. No. 590,052) for internal combustion engines for driving generators and for general power application, registration date May 18, 1954; and

(c) KOHLER (U.S. Reg. No. 2,766,196) for operating climate control systems and electrical power generation and distribution systems for others at special events; rental of power distribution systems; rental of emergency, backup and supplemental power generators and generating systems, uninterruptible power systems, mobile lighting system, HVAC units, and air conditioning units; and electrical power generation for others; planning and monitoring emergency, backup, and supplemental power generating and distribution systems for others, registration date September 23, 2003.

Copies of the above-referenced KOHLER trademark registration certificates as maintained by the United States Patent and Trademark Office (the "USPTO") are collectively attached as **Exhibit 1**. None of these federal trademark registrations have been abandoned, canceled, or revoked. Moreover, Registration Nos. 167,671 and 590,052 have become incontestable through the filing of Section 8 and 15 affidavits with the USPTO.

9. Kohler commenced use of the KOHLER mark and the KOHLER FAMILY for engines, generators and related products in or about 1920 and has continuously used the KOHLER mark and KOHLER FAMILY since that time for engines, generators and related products.

10. The KOHLER mark and KOHLER FAMILY have become distinctive and famous in the United States and throughout the world for engines, generators and related products. Moreover, the marks in the KOHLER FAMILY have obtained the status of famous marks and therefore enjoy liberal protection under the Paris Convention.

11. Kohler's ideas, craftsmanship, and technology lead the industry in product design. With personnel and distribution operations spanning six continents, Kohler's products offer a superior level of quality over a broad range of price points.

12. Kohler's businesses include more than fifty manufacturing locations, twenty-six subsidiaries and affiliates, and dozens of sales offices located throughout the world.

13. Kohler has spent tens of millions of dollars to advertise and promote the KOHLER mark and KOHLER FAMILY in print and broadcast media, and on the Internet through Kohler's website, accessible throughout the United States and around the world at <kohler.com>. A true and correct copy of the home page for Kohler's website is attached hereto as **Exhibit 2**.

14. Based upon its federal trademark registrations and extensive use, Kohler owns the exclusive right to use the KOHLER mark and KOHLER FAMILY in connection with engines, generators and related products, among other goods and services.

15. On or about May 17, 2007, Defendant Von Goetzman registered the <kohler-engines.com> and <kohlercommand.com> Infringing Domain Names with Schlund & Partner, a registrar for domain names.

16. The <kohler-engines.com> Infringing Domain Name contains the entirety of the KOHLER mark and the descriptive term "engines," which describes one of the goods Kohler offers under the KOHLER mark.

17. The <kohlercommand.com> Infringing Domain Name contains the entirety of the KOHLER mark and the term "COMMAND," which is a brand of engine that Kohler offers under the KOHLER mark.

18. Sometime after registration of the Infringing Domain Names, Von Goetzman began using the Infringing Domain Names to redirect Internet traffic to his own website, which offers goods for sale that compete with those offered by Kohler under the KOHLER mark and KOHLER FAMILY. True and correct copies of Defendant's infringing webpages are attached hereto as **Exhibit 3**.

19. Von Goetzman is using the Infringing Domain Names in a commercial manner, hoping to attract Internet users to his site by creating a likelihood of confusion with Kohler's KOHLER mark and KOHLER FAMILY as to the source, sponsorship, affiliation, and/or endorsement of Von Goetzman's website or location.

20. On July 13, 2007, counsel for Kohler, Richard D. Harris, contacted Von Goetzman regarding Kohler's enforcement policies with regard to websites using Kohler's primary marks.

21. During that conversation, Von Goetzman offered to sell the Infringing Domain Names for $50,000.00 each. When Mr. Harris asked Von Goetzman whether he would give a "discount" for buying both Infringing Domain Names, Von Goetzman stated that the price for both would be $100,000.00 with no discount.

22. By registering and using Infringing Domain Names containing Kohler's marks, Von Goetzman was and is attempting to trade on the goodwill of Kohler.

23. By registering and using Infringing Domain Names containing Kohler's marks, Von Goetzman was and is attempting to create an association between the Infringing Domain Names and Kohler's famous marks.

24. Von Goetzman has no trademark or other intellectual property rights in the Infringing Domain Names.

25. Von Goetzman registered the Infringing Domain Names with the bad faith intent to profit from Kohler's marks.

26. Von Goetzman had no prior use of the Infringing Domain Names in connection with the bona fide offering of any goods or services.

27. Von Goetzman did not believe or have reasonable grounds to believe that use of the Infringing Domain Names was a fair use or otherwise lawful.

**FIRST CLAIM FOR RELIEF**
(Cybersquatting under the
Lanham Act, 15 U.S.C. § 1125(d))

28. Kohler incorporates the allegations in paragraphs 1 through 27 as if fully set forth herein.

29. Von Goetzman has registered, trafficked in, and/or used the Infringing Domain Names, which are identical or confusingly similar to Kohler's KOHLER mark and KOHLER FAMILY and were distinctive and famous at the time of registration of the domain name.

30. Von Goetzman has or had a bad-faith intent to profit from Kohler's trademarks.

31. As a direct and proximate result of such conduct, Kohler has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**SECOND CLAIM FOR RELIEF**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114)

32. Kohler incorporates the allegations in paragraphs 1 through 27 as if fully set forth herein.

33. Von Goetzman used and is using in commerce the Infringing Domain Names, which contain Kohler's trademarks and service marks and are therefore confusingly similar to Kohler's names and marks.

34. Von Goetzman's use in commerce of Kohler's marks for goods and services sold by Von Goetzman, and Von Goetzman's use of the Infringing Domain Names and associated websites, as identified herein, constitutes a reproduction, copying, counterfeiting, and colorable imitation of Kohler's trademarks and service marks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

35. By using Kohler's marks with the knowledge that Kohler owns, has used, and continues to use its trademarks across the United States and around the world, Von Goetzman has intended to cause confusion, cause mistake, or deceive consumers.

36. Von Goetzman is using marks identical to Kohler's trademarks and service marks in connection with the sale, offering for sale or advertising of services in a manner that

is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Kohler or as to the origin, sponsorship, or approval of Von Goetzman's services or commercial activities by Kohler.

37. Von Goetzman's use of Kohler's marks and/or marks confusingly similar to Kohler's trademarks has created a likelihood of confusion among consumers who may falsely believe that Von Goetzman's business or websites are associated with Kohler's engines, generators and related products, or that Kohler sponsors or approves of Von Goetzman's goods, services, or commercial activities.

38. As a direct and proximate result of Von Goetzman's infringement, Kohler has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**THIRD CLAIM FOR RELIEF**
(Unfair Competition under the
Lanham Act, 15 U.S.C. § 1125(a))

39. Kohler incorporates the allegations in paragraphs 1 through 27 as if fully set forth herein.

40. Von Goetzman's use in commerce of marks identical to Kohler's trademarks in connection with Von Goetzman's services, websites, and Internet domain names, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Kohler, or as to the origin, sponsorship, or approval of Von Goetzman's goods, services, or commercial activities by Kohler.

41. Von Goetzman's use in commerce of Kohler's marks with the knowledge that Kohler owns and has used, and continues to use, its trademarks constitutes intentional conduct by Von Goetzman to make false designations of origin and false descriptions about Von Goetzman's goods, services, and commercial activities.

42. As a direct and proximate result of such unfair competition, Kohler has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**FOURTH CLAIM FOR RELIEF**
(Common Law Trademark Infringement)

43. Kohler incorporates the allegations in paragraphs 1 through 27 as if fully set forth herein.

44. By virtue of having used and continuing to use its trademarks, Kohler has acquired common law rights in those marks.

45. Von Goetzman's use of marks identical to Kohler's trademarks infringes Kohler's common law rights in its trademarks, and this use is likely to cause confusion, mistake, or deception among consumers, who will believe that Von Goetzman's goods, services, websites and/or Infringing Domain Names originate from, are affiliated with, or are endorsed by Kohler when, in fact, they are not.

46. As a direct and proximate result of Von Goetzman's infringement of Kohler's common law trademark rights under Florida and other common law, Kohler has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**FIFTH CLAIM FOR RELIEF**
(Deceptive Trade Practices)

47. Kohler incorporates the allegations in paragraphs 1 through 27 as if fully set forth herein.

48. Upon information and belief, in the course of conducting his business, Von Goetzman knowingly made false representations as to affiliation, connection, and/or association with Kohler by using a mark identical to Kohler's trademarks and service marks and otherwise engaged in deceptive trade practices.

49. As the direct and proximate result of Von Goetzman's conduct, Kohler has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**SIXTH CLAIM FOR RELIEF**
(Intentional Interference with
Prospective Economic Advantage)

50. Kohler incorporates the allegations in paragraphs 1 through 27 as if fully set forth herein.

51. Upon information and belief, at the time Von Goetzman adopted and began using Kohler's names and marks and since that time, Von Goetzman knew and has known that Kohler is in the business of providing engines, generators and related products.

52. Upon information and belief, Von Goetzman committed acts intended or designed to disrupt Kohler's prospective economic advantage arising from advertising and/or providing these services.

53. Von Goetzman's actions have disrupted or are intended to disrupt Kohler's business by, among other things, diverting Internet users away from Kohler's website and to Von Goetzman's websites.

54. Von Goetzman has no legal right, privilege, or justification for his conduct.

55. As a direct and proximate result of Von Goetzman's intentional interference with Kohler's prospective economic advantage, Kohler has suffered, and will continue to suffer, monetary damages and irreparable injury.

56. Based on the intentional, willful and malicious nature of Von Goetzman's actions, Kohler is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kohler respectfully prays that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendant Van Goetzman, his respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from: (1) using Plaintiff's trademarks and service marks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on websites and in domain names); and (2) registering, owning, leasing, selling, or trafficking in any domain name containing Plaintiff's trademarks or confusingly similar

        variations thereof, alone or in combination with any other letters, words, phrases or designs;

B.    A preliminary and permanent injunction requiring the domain name registry, VeriSign, Inc., to change the registrar of record for the <kohler-engines.com> and <kohlercommand.com> domain names from their respective registrars of record to a registrar of Kohler's selection, which will register those domain names in the name of Kohler;

C.    An award of statutory damages in the amount of $100,000.00 per domain name, totaling $200,000.00;

D.    An award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial;

E.    An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

F.   All other relief to which Plaintiff is entitled.

DATED: August 4, 2008.

Respectfully Submitted,

_____
CHRISTOPHER TORRES
Florida Bar No.: 716731
torresch@gtlaw.com
MICHAEL J. STANTON
Florida Bar No.: 0389463
stantonm@gtlaw.com
GREENBERG TRAURIG, P.A.
Courthouse Plaza
625 East Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Counsel for Plaintiff Kohler Company*

*and*

PAUL D. MCGRADY, JR.
*Pro hac vice* pending
mcgradyp@gtlaw.com
JEFFREY P. DUNNING
*Pro hac vice* pending
dunningj@gtlaw.com
JASON B. ELSTER
*Pro hac vice* pending
elsterj@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
Telephone: (312) 456 8426
Facsimile: (312) 899 0407

*Trial Counsel for Plaintiff Kohler Company*